# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| **DOMINIC RENFROE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. 4:17-cv-29 |
| **v.** | § | |
| | § | |
| **TRANSGLOBAL SERVICES, LLC** | § | **JURY DEMANDED** |
| | § | |
| **Defendant** | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Dominic Renfroe, by and through his undersigned attorney of record, and sues Defendant Transglobal Services, LLC, ("Defendant"), and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1.1. Plaintiff brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1.2. During the three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

### II. PARTIES

2.1. Plaintiff is an individual residing in Ector County, Texas.

2.2. Defendant Transglobal Services, LLC is a domestic limited liability company doing business in the State of Texas and maintains its principal office in Fort Worth, Texas. This Defendant can be served with process by serving its registered agent for service of process, John Ratliff, 8853 Greenhaven Drive, Fort Worth, Texas 76179.

1

## III. JURISDICTION AND VENUE

3.1. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

3.2. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

3.3. At all times pertinent to this Complaint, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

3.4. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3.5. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3.6. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

3.7. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## IV.  FACTUAL ALLEGATIONS

4.1. Plaintiff worked for Defendant from approximately June 2014 to December 2016 primarily providing surveying services.

4.2. Defendant misclassified Plaintiff as an "independent contractor" to avoid its obligation to pay Plaintiff overtime wages at a rate of one and one-half his regular rate for all hours worked over forty in a workweek.

4.3 Defendant exercised control over Plaintiff in that, among other things, it dictated when Plaintiff would work, where he would work, and how he would perform his work.

4.4. Plaintiff made little, if any, investment into the business of Defendant. Defendant provided the tools and equipment to be used and, in the event Plaintiff purchased items to assist in performance of his job duties, he was reimbursed by Defendant.

4.5. Plaintiff's opportunity for profit or loss was controlled exclusively by Defendant in that Defendant set Plaintiff's hourly rate and controlled his hours worked.

4.6. The work performed by Plaintiff was common in the industry and required no specialized or extraordinary skill or initiative.

4.7. The relationship between Defendant and Plaintiff was permanent in nature in that it endured for more than two years and Plaintiff performed work exclusively for Defendant during that time.

4.8. Plaintiff was a nonexempt hourly employee.

4.9. Plaintiff regularly worked in excess of forty (40) hours per workweek (overtime hours).

4.10. Defendant was aware that Plaintiff regularly worked in excess of forty (40) hours per workweek.

4.11. During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

4.12. No justification or excuse existed for Defendant's practice of failing to compensate Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked.

## V. CAUSES OF ACTION: VIOLATION OF FLSA

5.1. The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

5.2. Defendant's conduct as described herein was willful in that it either knew or showed reckless disregard as to whether its conduct violated the FLSA.

5.3. Defendant's conduct as described herein was not based in good faith and with a reasonable belief that it complied with the FLSA.

5.4. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

5.5. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

5.6. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## VI. JURY TRIAL DEMAND

6.1. Plaintiff demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

(a).  The Court assume jurisdiction of this cause and that Defendant be cited to appear;

(b).  The Court award damages to Plaintiff as specified above;

(c).  The Court award reasonable and necessary attorney's fees and costs; and

(d).  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

            Respectfully submitted:

            By: */s/ David G. Langenfeld*
                  **David G. Langenfeld**
                  Attorney-in-Charge
                  State Bar No. 11911325
                  LEICHTER LAW FIRM
                  1602 East 7th Street
                  Austin, TX  78702
                  Tel.:  (512) 495-9995
                  Fax:   (512) 482-0164
                  Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**